UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEREMY LIBBY, | ) ) ) | |
| Petitioner, | ) ) | |
| v. | ) ) | Civil Action No. 21-40013-TSH |
| MATTHEW DIVRIS, | ) ) ) | |
| Respondent. | ) ) | |

**RESPONDENT'S MEMORANDUM OF LAW**
**IN SUPPORT OF THE MOTION TO DISMISS**

The petitioner, Jeremy Libby ("the petitioner"), was convicted by a jury of four counts of forcible rape of a child. In this Court, the petitioner presents three grounds for habeas relief in his petition filed on February 3, 2021. Doc. 1. At least two of those claims are not cognizable because they solely concern an issue of state law. They also were not properly exhausted in the Massachusetts courts. That is, the petitioner did not present the federal nature of Grounds One and Two to the Massachusetts Supreme Judicial Court ("SJC"). Therefore, those claims are not reviewable by this Court. Because the petition contains at least two unexhausted claims, it should be dismissed.[1] Or, in the alternative, the petitioner should voluntarily dismiss those claims and proceed on Ground Three.

---

[1] Because the petition contains unexhausted claims, the respondent has opted to move for dismissal and declines to answer the petition or address any additional affirmative defenses at this time. Should this Court rule otherwise, the respondent reserves the right, and requests the opportunity, to file an answer, assert all other applicable defenses, and request a scheduling order under which the petitioner will file a brief in support of his petition and the respondent then will file one in opposition.

1

## **PRIOR PROCEEDINGS**

On July 31, 2012, a Hampden County grand jury returned an indictment charging the petitioner with four counts of forcible rape of a child in violation of G.L. c. 265, § 22A, as well as four counts of indecent assault and battery on a child under the age of fourteen in violation of G.L. c. 265, § 13B. *See* Exhibit ("Ex.") A, Docket Sheets, *Commonwealth v. Libby*, 1279CR00707. In April of 2013, the petitioner filed a motion to suppress statements made to police officers during a prearrest interview and a postarrest interview. *Id.* at p. 6. The Commonwealth filed a written opposition in response. *Id.* After two separate hearings on the motion, the motion judge granted the petitioner's motion to suppress in its entirety. The Commonwealth then filed a motion to stay proceedings in the trial court, along with a notice of interlocutory appeal, and an application to a single justice of the SJC for leave to pursue an interlocutory appeal. *Id.* at p. 7.

The single justice (Lenk, J.) allowed the Commonwealth's application. *Id.* On June 26, 2015, the SJC reversed the suppression of the petitioner's prearrest statements but affirmed the suppression of his postarrest statements and remanded the case to the Superior Court. *Id. See Commonwealth v. Libby*, 472 Mass. 37, 32 N.E.3d 890 (2015). On July 18, 2016, the petitioner filed a motion to dismiss under Mass. R. Crim. P. 36, as amended, 422 Mass. 1503 (1996), and for violation of his constitutional speedy trial right. *Id.* at p. 9. On October 31, 2016, the motion judge denied the petitioner's motion to dismiss on both bases. *Id.* On January 6, 2017, the petitioner was found guilty of the four counts of forcible rape of a child. *Id.* at p. 10. On January 10, 2017, the court sentenced the petitioner to not less than ten and not more than twelve years, committed, on the first three counts, to run concurrently, as well as ten years of probation with

conditions on the fourth count. *Id.* at pp. 11-12. The petitioner timely filed a notice of appeal. *Id.* at p. 12.

The appeal was entered in the Massachusetts Appeals Court ("Appeals Court") on March 12, 2018. *See* Exhibit ("Ex.") B, Docket Sheets, *Commonwealth v. Libby*, No. 2018-P-0346. The Appeals Court affirmed the judgments of the superior court on December 24, 2019. *Id. See Commonwealth v. Libby*, 96 Mass. App. Ct. 1114, 139 N.E.3d 786 (2019). The petitioner filed an application for leave to obtain further appellate review ("ALOFAR") to the SJC, and it was denied on May 15, 2020. *See* Exhibit ("Ex.") C, Docket Sheet, *Commonwealth v. Libby*, No. FAR-27279. *See Commonwealth v. Libby*, 484 Mass. 1106, 145 N.E.3d 889 (2020) (table). The petitioner's ALOFAR is attached as Exhibit ("Ex.") D.

## THE HABEAS PETITION

The petitioner presents three grounds for relief in an attachment to Paragraph 12 of the standard-form petition. Doc. 1-1, pp. 2-3 (page numbers refer to the PACER pagination). For the Court's convenience, the grounds are repeated here verbatim:

### ATTACHMENT TWO

Points and Authority

Question 12, GROUND ONE:

The Appeals court erred when it ruled that the judge did not abuse his discretion when he admitted evidence under the theo[r]y that it proved the defendant's "Motive and Intent" and "Sexual Attraction to the Victim".

(a)

Although victim told the police and jury that Petitioner used only his fingers "in her private parts" and answered "no" when asked if she saw or touched his "private parts," the Commonwealth case focused almost so[l]ely on the sperm found in a pair of underwear allegedly owned and worn by victim DNA evidence [sic], identified as the Petitioner's semen, was

obtained from a pair of girl's underwear.

(P&A)

Where a Petitioner does not [c]ite United States Supreme Court precedent for exhaustion, (as in some of the arguments in this matter), but rather cites State Court authority that either cites the appropriate Supreme Court authority or identifies the State equiv[a]l[e]nt of Supreme Court doctrine, the State Court authorities have "constitutional trappings" sufficient to meet any exhaustion requirement. See, Scarpa v. Dubois, 38 F.3d 1, 7 n.3 (1st Cir. 1994); Nadworny v. Fair, 872 F.2d 1093, 1101 (1st Cir. (1989); Davis v. Lehene, 89 F.Supp.2d 142, 153 (D. Mass. 2000); Graham v. Maloney, 121 Fed.Appx. 400, 404 (1st Cir. (2005) (unpublished) ("that the brief cited only Massachusetts precedent to support his claim … is not fatal to … establish exhaustion.").

Question 12, GROUND TWO:

The Appeals Court erred when it ruled that the jury "could [have] reasonably conclu[d]ed" that [] an item of evidence "was what the Commonwealth claimed it was" when the chain of custody had been clearly broken.

(a)

The Appeals Court clearly failed to recognize the significance of the fact that two conflicting stories -- testified to by the victim's mother who may well have had a motive to lie. …

Question 12, GROUND THREE:

The Appeals Court abuse[d] its discretion by failing to find that the four years it took the Commonwealth to bring Petitioner to trial reversible error [sic] under the United States Constitution.

(a)

Petitioner was arraigned on [A]ugust 22, 2012, and filed his Motion to Dismiss for a Rule 36 Violation on July 14, 2016 at which time his case had been pending for 1,423 days. His right to a speedy trial was violated.

*Id.*

Despite the petitioner's argument that he has met the exhaustion requirement, the petition

contains at least two claims that were not exhausted in the state courts. Because the petition does

4

not satisfy the "total exhaustion" rule, the respondent requests that it be dismissed in its entirety unless the petitioner agrees to voluntarily dismiss those claims.

## ARGUMENT

**I. Ground One Fails To State A Plausible Claim For Relief on Habeas Review. And, In Any Event, Any Federal Constitutional Basis For Ground One Was Not Exhausted In State Court. Instead, The Petitioner Only Presented The SJC With An Argument Which Did Not Contain Any Mention Of Federal Rights.**

As discussed, in his first ground, the petitioner asserts that the Appeals Court erred in allowing the trial court's admission of incriminating evidence on a theory that it proved his motive and attraction to the victim. Doc. 1-1, p. 2. The petitioner's claim is not cognizable in this habeas action because it solely concerns an issue of state law. It is axiomatic that "'federal habeas corpus relief does not lie for errors of state law.' . . . In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991) (quoting *Lewis v. Jeffers*, 497 U.S. 764, 780 (1990)); *see also*, *e.g.*, *Robinson v. St. Amand*, No. 08-11535-RGS, 2010 WL 1257978, at *8-10 (D. Mass. Mar. 15, 2010) (magistrate judge's report and recommendation) (stating, "a habeas petition is not the appropriate vehicle for challenging whether a state court properly excluded evidence" and recommending dismissal of habeas claim arguing that Massachusetts court did not follow *Daubert/Kumho* standard because that standard is a rule of evidence, not a constitutional standard, and, therefore, claim presented only an issue of state law that was not cognizable for habeas relief), *recommendation adopted*, 2010 WL 1257979 (D. Mass. Mar. 29, 2010). Moreover, a federal habeas court must accept a state court's ruling on state law issues. *See Rodriguez v. Spencer*, 412 F.3d 29, 37 (1st Cir. 2005) (quoting *Estelle*, 502 U.S. at 67). Therefore, state principles apply and habeas review is foreclosed.

If this Court reads a federal dimension into the petitioner's claim, it must still dismiss it, because no such federal dimension was adequately presented in the state system. Indeed, the petitioner's ALOFAR does not contain any arguments about a violation of a federal right associated with this claim. Accordingly, any federal component to this claim was not exhausted in the state courts.

Congress codified the exhaustion doctrine in 28 U.S.C. § 2254(b), which generally precludes federal court review unless "the applicant has exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). A petitioner cannot continue to litigate a petition containing *any* unexhausted claims. *See*, *e.g.*, *Rose v. Lundy*, 455 U.S. 509, 510, 518-20 (1982).

The petitioner has a "heavy burden" to demonstrate exhaustion in a habeas case. *Coningford v. Rhode Island*, 640 F.3d 478, 482 (1st Cir. 2011). The Supreme Court enunciated that "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "Comity, in these circumstances, dictates that [the petitioner] use the State's established appellate review procedures before he presents his claims to [this] federal court." *Id.* This longstanding exhaustion principle, in addition to ensuring that state courts have the first opportunity to correct their own constitutional errors made in their proceedings, enables federal courts to accord appropriate respect to the sovereignty of the states and promotes comity by "minimiz[ing] friction between our federal and state systems of justice." *Rose*, 455 U.S. at 518. *See Duncan v. Henry*, 513 U.S. 364, 365-66 (1995); *Scarpa v. DuBois*, 38 F.3d 1, 6 (1st Cir. 1994), *cert. denied*, 513 U.S. 1129 (1995). To carry his burden, he must show that he fairly and properly presented the substance of his federal claims to the state's highest

court, here the Supreme Judicial Court. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (petitioner must present his claim "in each appropriate state court"); *O'Sullivan*, 526 U.S. at 847-48 (to exhaust a claim, a petitioner must present the substance of the claim to the state's highest tribunal "fairly" and "*properly*" (emphasis in original)).

      A petitioner "must show that he tendered his federal claim in such a way as to make it probable that a reasonable jurist would have been alerted to the existence of the federal question." *Clements v. Maloney,* 485 F.3d 158, 162 (1st Cir. 2007) (quoting *Casella v. Clemons,* 207 F.3d 18, 20 (1st Cir. 2000)). The First Circuit has recognized five ways in which a petitioner may do so: (1) cite the relevant provision of the federal constitution; (2) present a federal constitutional claim in a manner that fairly alerted the state court to the federal nature of the claim; (3) cite federal constitutional precedents; (4) claim a violation of a right specifically protected in the federal constitution; or (5) cite a state-court decision that relied on federal law or articulated a state standard that is indistinguishable from a federal standard. *See id.* (citing *Gagne v. Fair*, 835 F.2d 6, 7 (1st Cir. 1987), and *Nadworny v. Fair*, 872 F.2d 1093, 1099-1100 (1st Cir. 1989)). However, these methods are not exhaustive: the essential question is whether "the presentation in state court alerted that tribunal to the claim's federal quality and approximate contours." *Coningford*, 640 F.3d at 482.

      In his ALOFAR, the petitioner's discussion of Ground One focused solely on Massachusetts common law addressing the admissibility of DNA evidence. *See* Ex. D, p. 4. As critical here, the petitioner's argument in the SJC cited no specific constitutional provision, tendered no substantive federal claim, and relied on no federal constitutional precedent. *Id.* at pp. 12-15. Citation to the discussions in those Massachusetts cases involved the admissibility of

7

evidence, not federal constitutional rights. *See*, *e.g.*, *Commonwealth v. Copney*, 468 Mass. 405, 412 (2014) (noting *Old Chief v. United States*, 519 U.S. 172, 180, 182-83 (1997) did not involve a constitutional principle, but the proper application of Fed. R. Evid. 403, and did not involve prior-bad-act evidence in the same context under consideration); *Commonwealth v. Crayton*, 470 Mass. 228, 249, 251-52 (2014) (discussing Supreme Court precedent not in its discussion of the admission of "other bad acts" evidence, but in support of the principle that it is generally presumed that a jury understands and follows limiting instructions). Accordingly, there is no federal issue upon which this Court may pass since none was presented to the state court. *Cf. Coningford*, 640 F.3d at 483 ("We hold, without serious question, that the petitioner's vague and unfocused references to fairness were insufficient to draw the state court's attention away from the state-law raiment in which the petitioner cloaked his claim and instead alert it to a possible federal constitutional claim.").

## II.   Ground Two Does Not State A Plausible Claim For Relief And, In Any Event, Is Also Unexhausted.

Ground Two of the petition should be dismissed for several reasons. First, although the petitioner alleges that the Appeals Court erred when it held that a jury could have found that a piece of evidence was located where the Commonwealth claimed it was and that there was no chain of custody issue, the petitioner fails to allege a federal constitutional violation in his claim. Doc. 1-1, p. 2. Next, to the extent the petitioner's argument is based on the admissibility of evidence under Massachusetts law, just like Ground One, it could be dismissed as beyond this habeas court's review. "Errors based on violations of state law are not within the reach of federal habeas petitions unless there is a federal constitutional claim raised." *Kater v. Maloney*, 459 F.3d 56, 61 (1st Cir. 2006).

Finally, even if this Court were to find a federal nature to the petitioner's claim, the petition should again be denied to the extent the petitioner did not fairly present the substance of all of his federal claims to the SJC, as the exhaustion doctrine requires. *See* Argument I., *supra.* Indeed, as discussed, the petition is subject to dismissal in its entirety to the extent that it contains *any* claims that were not sufficiently exhausted. *See*, *e.g.*, *Rose*, 455 U.S. at 510, 518-20. The petitioner's argument that the Appeals Court erred when it ruled that the jury "could [have] reasonably conclude[d]" that an item of evidence, the underwear that the victim was wearing on June 27th, was what the Commonwealth claimed it to be when the chain of custody was irreparably broken did not properly put the SJC on notice of a federal constitutional argument. The petitioner did not directly cite any case law within the section of his ALOFAR that was devoted to this particular issue, but stated that "DNA and the underwear were central issues considered by the jury—in a case in which presence of semen was not an element of the crime and, under the law discussed ***infra***, amount only to improper character evidence." *See* Ex. D, p. 17 (emphasis added). The petitioner's claim was not framed in federal constitutional terms where the ALOFAR mentioned character evidence only within the context of Ground One which, as shown above, did not present a violation of a federal right. *Id.* at pp. 12-15.

Nonetheless, since the petition does not satisfy the complete exhaustion rule, as discussed below, it should be dismissed in its entirety at this time, unless the petitioner elects to dismiss the unexhausted claims.

### III.     The Petitioner's Requests For Discovery And An Evidentiary Hearing Should Be Denied.

In his petition, the petitioner requests that this Court grant him discovery and an evidentiary hearing. Doc. 1, p. 16. A habeas petitioner is not entitled to discovery as a matter of

ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, "[a] judge may, for good cause, authorize a [petitioner] to conduct discovery." Rule 6(a) of the Rules Governing Section 2254 Cases. "To demonstrate 'good cause' [a petitioner] must present specific allegations that give a court reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is . . . entitled to relief." *Donald v. Spencer*, 656 F.3d 14, 16 (1st Cir. 2011). The petitioner has not satisfied the good cause requirement under Rule 6(a). *Cf. Donald*, 656 F.3d 14. *See Netherton v. Parnell*, 642 F. App'x 687, 689-90 (9th Cir. 2016) (unpublished) (district court did not err in denying discovery where the Washington Court of Appeals considered and rejected *Brady* challenges on the merits). And, to the extent the petitioner is seeking discovery on either of the unexhausted claims, he is not entitled to such relief. *See Currington v. Rewerts*, No. 18-CV-12516, 2019 WL 11752236, at *1 (E.D. Mich. Jan. 14, 2019) (unpublished) ("Petitioner's claim is unexhausted, thus, he is not entitled to discovery in support of this claim.").

To the extent the petitioner is seeking new evidence to introduce in this Court, in *Cullen v. Pinholster*, 563 U.S. 170, 181 (2011), the United States Supreme Court held that, in determining whether a state-court decision is an unreasonable application of Supreme Court precedent under § 2254(d)(1), "review . . . is limited to the record that was before the state court that adjudicated the claim on the merits." The Court in *Pinholster* further noted that "[w]e are barred from considering the evidence Pinholster submitted in the District Court that he contends additionally supports his claim." *Id.* at 203 n. 20. To the extent the state courts denied any of the claims in his petition on the merits, *Pinholster* bars an evidentiary hearing. *See*, *e.g.*, *Peraza v. Campbell*, 462 F. App'x 700, 701 (9th Cir. 2011) (unpublished) ("In summary, to the extent

Peraza seeks to expand the record through discovery and an evidentiary hearing, beyond what was presented to the state court, we conclude that such relief is precluded by *Pinholster* with regard to any of his claims under § 2254(d)(1)."); *Neng Saypao Pha v. Swarthout*, No. 2:13-CV-1133 MCE GGH, 2015 WL 1787569, at *5 (E.D. Cal. Apr. 20, 2015) (unpublished) ("Second, it only stands to reason that discovery, if directed to the merits of a claim, should be guided by *Pinholster*. What would be the purpose of acquiring extra-record facts if they could not be used in the federal habeas proceeding? The question answers itself—no purpose."), *aff'd on other grounds* 658 F. App'x 849, 851 (9th Cir. 2016) (unpublished).

"[T]he decision to grant an evidentiary hearing [is] generally left to the sound discretion of district courts." *Schriro v. Landrigan*, 550 U.S. 465, 473 (2007). However, such discretion "should be exercised in a restrained manner." *Teti v. Bender*, 507 F.3d 50, 61 (1st Cir. 2007). Here, exercising that discretion in favor of granting an evidentiary hearing would be inappropriate because the petitioner has failed to make the minimum showing necessary to warrant one. As a "threshold matter," "a habeas judge, before granting an evidentiary hearing, 'must [first] consider whether such a hearing could enable an applicant to prove the petition's factual allegations, which, if true, would entitle the applicant to federal habeas relief.'" *Teti*, 507 F.3d at 62 (quoting *Schriro*, 550 U.S. at 474 (alteration in original)); *see also Forsyth v. Spencer*, 595 F.3d 81, 85 (1st Cir. 2010) (indicating that district court was not required to hold evidentiary hearing where petitioner "offered no reason to believe that, 'with the benefit of an evidentiary hearing, [he could] develop a factual record that would entitle him to habeas relief'" (quoting, with alteration, *Schriro*, 550 U.S. at 475)). Thus, while a petitioner need not "point to specific facts he will establish that will entitle him to relief," he must show "that his allegations would

entitle him to relief and the hearing is likely to elicit the factual support for those allegations." *Teti*, 507 F.3d at 62 (emphasis in original). Here, even if the petitioner proves everything he alleges, he still is not entitled to habeas relief because the claims are not exhausted. *See* Argument I., II. As a result, the petitioner's requests for discovery and an evidentiary hearing must be denied.

### IV. The Appropriate Remedy Is To Dismiss The Petition.

When a petition contains unexhausted claims, a federal court may: (1) dismiss the petition in its entirety; (2) allow the petitioner to dismiss the unexhausted claims and proceed with any exhausted claims; or (3) stay the petition until the petitioner returns to state court to exhaust his previously unexhausted claims. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005); *Rose*, 455 U.S. at 515, 520; *see also Neverson v. Farquharson*, 366 F.3d 32, 42 (1st Cir. 2004); *DeLong v. Dickhaut*, 715 F.3d 382, 386-88 (1st Cir. 2013) (per curiam).

The petitioner has not shown that he can satisfy the requirements prescribed by the Supreme Court for obtaining a stay. A district court has the discretion to stay a habeas petition and hold it in abeyance while a petitioner exhausts his unexhausted claims in state court, but only in certain "limited circumstances." *Rhines*, 544 U.S. at 277. The petitioner must demonstrate that "there was 'good cause' for failing to exhaust the state remedies, the claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory tactics." *Josselyn v. Dennehy,* 475 F.3d 1, 4 (1st Cir. 2007) (quoting *Rhines,* 544 U.S. at 278). With respect to "good cause," as discussed the petitioner completely omitted from his ALOFAR any federal nature of the claims he now asserts in Grounds One and Two. Regardless of whether this omission was deliberate or the product of ineffective assistance of counsel, neither would

12

amount to good cause. *See Clements*, 485 F.3d at 170 (recognizing that "the intentional decision to omit some claims from [an application for further review to the SJC] cannot amount to good cause," and that an attorney's unjustified misunderstanding of state rules and federal exhaustion law would not constitute good cause); *Sullivan v. Saba*, 840 F. Supp. 2d 429, 437 (D. Mass. 2012) (neither ineffective assistance of appellate counsel, nor petitioner's *pro se* status, supports finding of good cause in exhaustion context). Further, the claims do not appear to be "potentially meritorious," as the unexhausted claims involve matters of state evidence law. Finally, there has not been a showing that the petitioner avoided intentionally dilatory litigation tactics. As such, the petitioner is not entitled to a stay.

Accordingly, the appropriate remedy is dismissal of the entire petition, or, in the alternative, to allow the petitioner to voluntarily dismiss his unexhausted claims in Grounds One and Two.

## **CONCLUSION**

For the foregoing reasons, the respondent requests that this Court dismiss the petition in its entirety, and enter judgment in favor of the respondent and against the petitioner. In the alternative, the respondent suggests that the petitioner be permitted to voluntarily dismiss the unexhausted claims discussed above and proceed on the remaining claim.

Respectfully submitted,

MAURA HEALEY
ATTORNEY GENERAL

/s/ *Todd M. Blume*
Todd M. Blume (BBO No. 674608)
Assistant Attorney General
Criminal Bureau
One Ashburton Place
Boston, Massachusetts 02108
(617) 727-2200, ext. 2503
todd.blume@mass.gov

Dated:  April 30, 2021

## CERTIFICATE OF SERVICE

I hereby certify that a true copy of the above document was served upon the petitioner at the address below on April 30, 2021, by first-class mail, postage pre-paid, to him as follows:

Jeremy Libby
W#109025
North Central Correctional Inst. at Gardner
P.O. Box 466
500 Colony Road
Gardner, MA 01440

/s/ *Todd M. Blume*
Todd M. Blume