UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| JEREMY LIBBY,<br>Petitioner, | )<br>)<br>)<br>) | |
| v. | )<br>) | Civil Action No. 4:21-CV-40013-MRG |
| MATTHEW DIVRIS<br>Respondent. | )<br>)<br>)<br>) | |

**ORDER ON MOTION FOR CERTIFICATE OF APPEALABILITY**

GUZMAN, J.

I. **Background**

Mr. Libby was indicted on July 31, 2012, on four counts of forcible rape of a minor and four counts of indecent assault and battery on a child under 14 in Hampden County Superior Court. [ECF No. 20-1 at 8[1]]; Commonwealth v. Libby, 32 N.E.3d. 890, 894 (Mass. 2015). After lengthy motion practice and several continuances, in January 2017, Libby's case proceeded to trial. At trial, the Commonwealth nolle prosequied the four counts of indecent assault and battery, and the jury returned a verdict of guilty on all four remaining counts. [ECF No. 20-1 at 13-14]. The trial judge sentenced Libby to 10-12 years imprisonment, on the first three counts, as well as ten years of probation with conditions on the fourth count. [Id. at 14-15]. He appealed his conviction alleging, among other things, that his speedy trial rights had been denied. [Id. at 38].

After appealing his case to the Massachusetts Supreme Judicial Court,[2] Libby then filed his first habeas petition in this Court on February 3, 2021, raising three claims for relief. [ECF No.

---

[1] All pincites refer to ECF pagination.
[2] Commonwealth v. Libby, 145 N.E.3d 889 (Mass. 2020) (denying further appellate review).

1]. Magistrate Judge David Hennessy was referred the case and issued a Report and Recommendation that Libby's petition be denied in its original form because, while his speedy trial claim was exhausted, his other two claims for habeas relief were not. [ECF No. 13]. This Court adopted Judge Hennessy's Report and Recommendation, [ECF No. 15], and Libby was given the opportunity to amend his petition to remove the unexhausted issues. Libby filed his amended petition on March 22, 2022, proceeding solely on his speedy trial claim. [ECF No. 19].

On March 20, 2024, this Court denied Libby's amended habeas petition, finding that the state court's decision that there was no violation of Libby's speedy trial rights was a reasonable application of Supreme Court precedent from Barker v. Wingo, 407 U.S. 514 (1972). [See ECF No. 38]. Libby has now moved for a certificate of appealability ("COA") so he can appeal the dismissal of his amended habeas petition to the First Circuit Court of Appeals. [ECF No. 40].

## II.  Legal Standard

The statute governing appeals of final orders in habeas corpus proceedings provides that a COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make a "substantial showing," a petitioner must demonstrate that "reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Muller v. Goguen, 385 F. Supp. 3d 121, 129-30 (D. Mass. 2019) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotation marks omitted)). "To meet the debatable-among-jurists-of-reason standard the petitioner must prove 'something more than the absence of frivolity or the existence of mere good faith.'" United States v. Cintron, 281 F. Supp. 3d 241, 242 (D. Mass. 2017) (quoting Miller-El v. Cockrell, 537 U.S. 322, 338 (2003)). In ruling

on an application for a COA, a district court must indicate which specific issues satisfy the "substantial showing" standard. 28 U.S.C. § 2253(c)(3).

### III. Discussion

As a preliminary matter, Libby may only request a COA regarding the habeas ground that he actually asserted in his amended petition – a violation of his speedy trial rights. After the Court determined that he had not exhausted the other two grounds for relief in his original petition back in 2022, Libby voluntarily dismissed grounds one and two of the petition and filed the amended petition asserting only the speedy trial claim. [See ECF No. 15 & 19]. In his motion for a COA, Libby asserts that the Court engaged in an unreasonable determination of the facts and law because it did not "ignore a states (sic) court's opinion" and review his case de novo. [ECF No. 40 at 2]. Libby incorrectly states the standard of review that a district court must apply when reviewing habeas petitions where the state court adjudicated the underlying case on the merits. Since 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") controls habeas review and, upon its enactment, the statute amended the substantive standard of review for the merits of state court decisions, eliminating de novo review. See 28 U.S.C. § 2254(d). Instead, AEDPA commands district courts to deny a habeas petition unless the decision "was contrary to, or involved an unreasonable application of, clearly established Federal law" or "was based on . . . unreasonable [factual] determination[s]." 28 U.S.C. § 2254(d)(1)-(2).

In its order denying Libby's amended petition, this Court engaged in a substantial analysis of the Barker factors, applied the standard required by AEDPA, and determined that the state court's decision that there was no violation of Libby's speedy trial rights was a reasonable application of Supreme Court precedent. [See ECF No. 38]. The Court also found that Libby failed to put forth clear and convincing evidence to rebut the presumption of correctness that attaches to

the factual conclusions of the state courts. [Id.] Libby has not made a "substantial showing" of a denial of his constitutional rights and no reasonable jurist could debate that the petition should have been resolved differently or that the issues presented should proceed further. See Slack, 529 U.S. at 484.

## IV. Conclusion

For the reasons stated above, Libby's motion for a certificate of appealability, [ECF No. 40] is DENIED. After a district court denies a COA, a party may not appeal the denial, but Mr. Libby may request a COA directly from the First Circuit pursuant to Federal Rule of Appellate Procedure 22. USCS § 2255 P. R. 11 (Rule 11 of the Rules Governing §§ 2254 & 2255 Proceedings).

SO ORDERED.

Dated: April 23, 2024

                                                                /s/ Margaret R. Guzman  
                                                                Margaret R. Guzman  
                                                                United States District Judge